JORDAN *versus* OTIS.

A deed of a *saw-mill*, the sills of a part of which rest upon another mill owned by same grantors, transfers to the grantee, the right to continue that connection during the existence of his mill, and while such connecting timbers last.

A deed, free from ambiguity, cannot be limited in its legal effect, by parol testimony.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding. TRESPASS.

The parties were owners of two saw-mills in Ellsworth, situated within one or two feet of each other. They de-

rived title from the same grantors, but the plaintiff's title was the elder, and by his deed was conveyed to him, "the saw-mill," &c.

It appeared in evidence, that the mills were under different roofs, and had no connection above the bed or floor of the mills. The defendant's mill was built the earliest, and the plaintiff's mill below the flooring was connected with the other by its flooring beams resting on the side timbers or streak sills of the other; and below the floor and above water was connected by being posted.

The defendant wished to repair and make an improvement in his mill, and the acts complained of were necessary to accomplish that purpose.

It appeared that he cut one of the cross sills of the plaintiff's mill partly off, so that where it rested on the streak sill, it occupied only one half the space it did before; and that he knocked another off, which was rotten.

When the floor timbers were cut away from the *streak sills*, the bed of plaintiff's mill would settle down and fall, unless shores were placed under to sustain it.

When the defendant did the acts testified to, the bed of plaintiff's mill settled on to the shores.

It was in evidence that Jordan's mill and bed can be made substantial without the use of the *streak sills*.

The action was for cutting those sills of Jordan's.

The defendant offered Seth Tisdale as a witness, who was one of plaintiff's grantors, to show, that at the time of the conveyance to plaintiff, he informed him he could rest his timbers on the *streak sills* only as long as the owner of *that mill* would consent. The testimony was excluded.

The Judge charged the jury, that upon this evidence, the plaintiff was entitled, to recover, in law;—and a verdict was returned accordingly.

The defendant excepted.

*J. A. Peters,* for defendant.

1. In all the decisions where the conveyance of a mill, *eo nomine*, passes any *privilege* or *appurtenance*, it results

from the fact that such *privilege* or *appurtenance* was *necessary* to the enjoyment and use of the property conveyed. *Blake* v. *Clark*, 6 Maine, 436; *Wetmore* v. *White*, 2 Caines' Cases, 87; *Archer* v. *Bennet*, 1 Lev. 131. The law should be slow to convey property by implication. *Furbush* v. *Lombard*, 13 Met. 114.

2. From the evidence, this resting of the timbers upon defendant's mill was not necessary, and according to the cases cited, no right to continue it, passed by his deed.

3. The testimony of the witness offered should have been received. *Stone* v. *Clark*, 1 Met. 378, and cases there cited; *Freeland* v. *Burt*, 1 T. R. 701; *Brown* v. *Slater*, 16 Conn. 192; *Ropps* v. *Barker*, 4 Pick. 239; Greenl. Ev. 1, § 286; *Safford* v. *Annis*, 7 Greenl. 168.

*Robinson*, for plaintiff.

HATHAWAY, J. — The mills of the plaintiff and the defendant were on the same dam, and, above their foundation, were one or two feet apart. The parties derived title from the same grantors; the plaintiff by deed, Dec. 1, 1846; the defendant by deed, March 6, 1847. The two mills rested on a foundation of timbers, so interlocked, that the cutting away of the floor timbers of the plaintiff's mill from the streak sill of the defendant's, would cause the plaintiff's mill to settle, and fall unless otherwise supported. The mills were thus situated when the plaintiff received his deed. The foundation of the plaintiff's mill, as it was, when he purchased, was necessary for the use, and for the support of the mill, and by his deed, he acquired the right to have it remain, as it then was, during the existence of the mill, if it should endure so long, and the defendant had no right to remove or impair it to the plaintiff's injury.

If the defendant wished to alter or repair his mill he had an undoubted right to do so, but not in such manner, as to destroy or injure the foundation of the plaintiff's mill, and that too without giving him any notice.

The testimony of Seth Tisdale was properly excluded.

The authorities cited by the defendant's counsel do not sustain its admissibility. The plaintiff has the elder title and his deed is free from ambiguity.

*Exceptions overruled. — Judgment on the verdict.*

SHEPLEY, C. J., and TENNEY, and HOWARD, J. J., concurred.